IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRENTON O'GUIN, | )<br>) |
| Plaintiff, | )<br>) Case No. 6:19-cv-03014 |
| v. | )<br>) Removed From: |
| DOLGENCORP, LLC D/B/A DOLLAR GENERAL, | ) Circuit Court of Wright County, MO<br>) Case No. 18WR-CC00060<br>) |
| Defendant. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Dolgencorp, LLC d/b/a Dollar General ("Defendant" or "Dollar General"), appears in the above-captioned action for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Trenton O'Guin v. Dolgencorp, LLC d/b/a Dollar General.*, Case No. 18wr-cc00060 currently pending in the Circuit Court of Wright County, Missouri. Defendant removes this case on grounds of diversity jurisdiction because (a) there is complete diversity of citizenship between Plaintiff Trenton O'Guin and Defendant and (b) the amount in controversy exceeds $75,000. In support of its Notice of Removal, Defendant states as follows:

**I.  STATE COURT ACTION AND TIMELINESS OF REMOVAL**

1. On December 5, 2018, Plaintiff commenced the above-captioned action in the Circuit Court of Wright County, Missouri by filing his Petition in the action styled *Trenton O'Guin v. Dolgencorp, LLC d/b/a Dollar General.*, Case No. 18WR-CC00060.

2. Defendant was served with a copy of the summons and Petition on December 13, 2018.

3. As required under § 1446(a), copies of all process, pleadings, and orders served on Dollar General are attached as **Exhibit A**.

4. Under §§ 1441 and 1446, removal is timely if it is filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. Dollar General is timely filing this removal within thirty (30) days of receipt of the initial pleading.

5. Plaintiff's Petition alleges disability discrimination under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 *et seq*.

6. Removal is proper because the United States District Court for the Western District of Missouri has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a)(1).

## II. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . ."

8. Plaintiff Trenton O'Guin is a citizen of Missouri. *See* Petition ¶ 5.

9. Defendant Dollar General is a single-member limited liability company organized under the laws of Kentucky with its principal place of business in Goodlettsville, Tennessee.[1] *See* Kelly Collier Declaration, attached as **Exhibit B**.

---

[1] Dolgencorp, LLC's sole member is Dollar General Corporation, a corporation organized under the laws of Tennessee with its principal place of business in Tennessee. *See* Ex. B.

10. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, "[t]he citizenship of an LLC is not determined in the same way as that of a corporation." *OHM Hotel Group, LLC v. Dewberry Consultants, LLC*, 2015 WL 5920663, *1 (E.D.Mo. Oct. 9, 2015). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).

11. Dollar General has only one member – Dollar General Corporation ("DG Corp."). (Ex. B at ¶ 3). DG Corp. is a corporation organized under the laws of the State of Tennessee and with its principal place of business in Goodlettsville, Tennessee. (*Id.* at ¶ 3). DG Corp. is therefore a citizen of Tennessee. Thus, for diversity jurisdiction purposes, Defendant Dollar General is a citizen of Tennessee.

12. Therefore, diversity exists under §1332, as the Plaintiff and Defendant are citizens of different states.

### III. AMOUNT IN CONTROVERSY

13. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000. *See Muhammad v. Public Storage*, 2014 WL 2615736, *1 (W.D. Mo. June 12, 2014) (citing *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original). *See also Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

14. Courts consider compensatory damages, punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

15. Plaintiff alleges he has suffered "lost wages, mental and emotional distress . . ." *See* Pet. WHEREFORE paragraph. Plaintiff also seeks "punitive damages; attorney fees, costs. . ." *See* i*d.*

16. Although Plaintiff's Petition does not allege a specific amount of damages sought, Dollar General believes in good faith that the amount in controversy exceeds $75,000, based upon the allegations in his Petition, and without any admission as to the merits of those allegations.

17. Plaintiff alleges a violation of the MHRA and seek actual damages, attorneys' fees and costs, and punitive damages. The MHRA allows for the potential recovery of lost wages, front pay, compensatory damages, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2.

18. In addition, as noted above, under the MHRA Plaintiff may recover punitive damages. If successful, there is a reasonable probability that Plaintiff's punitive damages, alone, would exceed $75,000, based upon punitive damage awards in recent MHRA lawsuits. Indeed, if successful, it is difficult to see how the aggregate award for damages and attorneys' fees would not easily exceed the statutory threshold for diversity jurisdiction. Recent jury verdicts and attorneys' fees awards received by plaintiffs for MHRA claims have exceeded $75,000. See, e.g. *Eickhoff v. Union Pac.*, No. 0816-CV-20813 (Mo. Cir. Ct. Jackson Cnty., 2009) (the jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages);

*Alhalabi v. Mo. Dep't of Natural Res.*, No. 2106CC-0189 (Mo. Cir. Ct. St. Louis Cnty., 2008) (the jury awarded plaintiff $187,000 in actual damages, $150,000 in punitive damages, and the court awarded $474,949 in attorneys' fees); *Bryant v. Smith & Boys and Girls Clubs of Kansas City*, No. 04CV235373 (Mo. Cir. Ct. Jackson Cnty., 2006) (the jury awarded plaintiff $610,000 in punitive and actual damages); and *Crudup v. Raytown C-2 Sch. Dist.*, No. 03CV232362 (Mo. Cir. Ct. Jackson Cnty., 2006) (awarding $318,011 in attorneys' fees and over $300,000 in actual and punitive damages).

19. Thus, Plaintiff's Petition easily seeks more than $75,000, which satisfies the amount in controversy requirement.

20. Accordingly, the District Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.00.

## **CONCLUSION**

21. Defendant properly removes this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff Trenton O'Guin and Defendant and the amount in controversy exceeds $75,000.

22. Under §§ 1441(a) and 1446(a), and Local Rule 3.1, the U.S. District Court for the Western District of Missouri, Southern Division, is the appropriate court for removing an action from the Circuit Court of Wright County, Missouri, where this action was filed.

23. Copies of all pleadings, process, and orders served on Dollar General are attached as required under § 1446(a). *See* Ex. A.

24. After filing this Notice of Removal, Defendant will promptly give notice in writing to Plaintiff Trenton O'Guin and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Wright County, Missouri.

WHEREFORE, Defendant respectfully requests this Court assume control over this action, as this action is properly removed.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Justin M. Dean
Justin M. Dean    MO #48647
Montana V. Koenig    MO #68454
4520 Main Street, Suite 400
Kansas City, MO  64111
816.471.1301
816.471.1303 (*Facsimile*)
justin.dean@ogletree.com
montana.koenig@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of January, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was mailed to the following:

Raymond Lampert    MO #57567
LAMPERT LAW OFFICE, LLC
2847 S. Ingram Mill Road
Suite A-100
Springfield, MO  65804
417.886.3330
417.886.8186 (*Facsimile*)

**ATTORNEY FOR PLAINTIFF**

/s/ Justin M. Dean
**ATTORNEYS FOR DEFENDANT**

36815662.1
